## No. 21006.

STATE COMPENSATION INSURANCE FUND *v.*
ANTHONY LUNA, ET AL.
(397 P.2d 231)

Decided December 14, 1964.

ALIOUS ROCKETT, FRANCIS L. BURY, RICHARD T. GOOLD, for plaintiff in error.

ADAMS & LOUGHLIN, for defendant in error Anthony Luna.

DUKE W. DUNBAR, Attorney General, FRANK HICKEY, Deputy, PETER DYE, Assistant, for defendant in error The Industrial Commission of Colorado.

*En Banc.*

Opinion by MR. JUSTICE PRINGLE.

WE will refer to the plaintiff in error State Compensation Insurance Fund as the Fund, and to defendants in error Anthony Luna and The Industrial Commission of Colorado as the claimant and the Commission, respectively.

The claimant injured his back in the course of his employment on December 8, 1958. He notified his em-

ployer the same day, and was furnished some minor medical treatment for a few weeks. No claim was reported to the Commission at that time. By the end of July, 1959, the claimant's back condition worsened, and he had to absent himself from work. His claim was filed with the Commission on September 22, 1959.

The Fund contested liability on the ground, among others, that the claim for compensation was not filed within six months of the injury, as required by C.R.S. '53, 81-13-5. The Commission entered an order awarding the claimant compensation for temporary total disability and payment for medical expenses. No award was made for permanent partial disability, because it was too early to be determined.

The Fund brought suit in the district court, contending that the Commission acted without jurisdiction and in excess of its powers in entering the award. The matter was resolved against the Fund, and writ of error was taken to the Supreme Court. Upon the Fund's application, the writ of error was dismissed.

On June 19, 1961, the claimant had an orthopedic surgeon operate upon his back. This treatment was obtained by the claimant without the knowledge or consent of the Commission, or the Fund. Additional hearings were held to determine the claimant's permanent partial disability. The testimony indicated that the operation reduced the claimant's permanent partial disability from 12½% to 10%.

The Referee, by Supplemental Order, awarded the claimant compensation for a permanent partial disability of 12½%, even though he had a present disability of only 10%. The Referee reasoned that, since the Fund was not required to and did not pay for the operation, it would be inequitable for the Fund to have the benefit of the operation. The Commission again adopted the findings of the Referee and made them the award of the Commission. The Fund brings error from the district court's judgment affirming the Commission.

■ The Fund's first argument is that the award of the Commission was void because the original claim was not filed within six months after the accident. The defendants in error take the position that the matter is res judicata since it was litigated in the appeal which the Fund took from the first award of the Commission, and a judgment against the Fund was then entered by the district court which became final upon the Fund's dismissal of its writ of error to the Supreme Court.

C.R.S. '53, 81-13-5 provides that the six months limitation shall not apply if compensation has been paid, or if it appears to the satisfaction of the Commission that a reasonable excuse exists for the failure to file the notice and the employer is not prejudiced. Accordingly, the doctrine of res judicata bars the Fund from now raising the question of whether the Commission acted without jurisdiction because the claim was filed more than six months after the accident. C.R.S. '53, 81-14-6 (1960 Perm. Supp.), C.R.S. '53, 81-14-7, 8 and 17 delineate the procedure to be followed by any party in interest who is dissatisfied with an award of the Commission. The statute clearly contemplates that all objections to an award shall be raised, if at all, by these procedures and shall be barred from later re-litigation by virtue of the doctrine of res judicata. *Stearns-Roger Mfg. Co. v. Casteel,* 128 Colo. 289, 261 P.2d 228.

In the original award, the Commission found that the claimant had a reasonable excuse for late filing and the Fund has already had the issue based on failure to file timely notice fully litigated in proceedings before the Referee, the Commission and the district court in its appeal from the original order of the Commission. Had it chosen, it could have had a Supreme Court determination of that issue. The Fund has had its day in court on the issue of failure to file timely notice and may not raise it again here. The whole policy of the law is against the retrial of issues already litigated by the parties. *Hudson v. Western Oil Fields, Inc.,* 150 Colo.

456, 374 P.2d 403; *Godding v. Colorado Springs Live-Stock Co.,* 4 Colo. App. 14, 34 Pac. 942.

■ Moreover, where jurisdiction depends upon a factual condition, the existence of which must be found by the tribunal, and the tribunal finds, in an adversary proceeding, that the condition exists, the determination is not subject to collateral attack, even though it might have been reversible on appeal. *People v. Lavandera,* 108 Cal. App.2d 431, 239 P.2d 30.

■ The Fund's remaining argument is that it was erroneously required to pay compensation for a permanent partial disability of 12½%. We agree. The claimant admittedly reduced his disability to 10% by the operation. He did not notify the Commission or the Fund of his intention to have the operation or request that the Fund pay for the operation before he had it. The employer or insurer has the first right of selecting the physician and services requisite to proper treatment of the employee. *Baeza v. Remington Arms Co.,* 122 Colo. 510, 224 P.2d 223; C.R.S. '53, 81-12-12 (1960 Perm. Supp.).

■ Moreover, an injured workman has a general obligation to act reasonably in minimizing the consequences of his injury and the liability of his employer. *E. L. Mendenhall Co. v. B. L. Kell,* 359 P.2d 234 (Okla.); *Lobnitz v. Orange Memorial Hospital,* 126 So.2d 739 (Fla.); *Morono v. Cody,* 99 N.H. 479, 115 A.2d 650. Under his duty to minimize damages, the claimant must notify the insurer or the Commission of a proposed treatment, in order to give the insurer the opportunity of paying the medical expenses. The insurer may resultantly be able to have the claimant's disability (and, consequently, its payments) reduced a great deal by paying a relatively small medical expense. If the claimant does not give this opportunity to the insurer, but incurs the medical expense on his own, the insurer's liability is limited to compensation for the lower degree of disability which resulted from the operation. On the

other hand, if the insurer refuses to pay for the corrective surgery after notice to him that the claimant desires such surgery, the insurer is liable for the degree of disability which obtained before the corrective surgery.

The judgment is reversed and remanded, with directions to order the Commission to enter an award for compensation for a permanent partial disability of 10%.