No. 22356.

WISHBONE RESTAURANT, AND TRUCK INSURANCE EXCHANGE
v. JUANITA L. MOYA AND INDUSTRIAL COMMISSION
OF COLORADO.
(424 P.2d 119)

Decided February 27, 1967.    Rehearing denied March 13, 1967.

WORMWOOD, WOLVINGTON, RENNER and DOSH, WILLIAM P. DEMOULIN, for plaintiffs in error.

JOSEPH P. CONSTANTINE, for defendant in error Juanita L. Moya.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, PETER L. DYE, Assistant, for defendant in error Industrial Commission of Colorado.

*In Department.*

Opinion by MR. CHIEF JUSTICE MOORE.

JUANITA L. MOYA suffered injuries to her back resulting from a fall on a slippery floor at her place of employment. The insurance carrier admitted liability and she was treated by three doctors between June 26 and November 2, 1964. On the last-mentioned date Dr. Bessessen in his final report made a summary of the treatment given her and concluded with the statement: "I must say however, that the patient's complaint of pain seems to be valid, though I cannot explain its derivation."

Juanita, being dissatisfied with the medical services supplied by the insurance carrier, sought advice from her attorney who informed the Industrial Commission by telephone that she was still having pain and requested referral to another doctor. He also told the branch manager of the insurance carrier that she was being sent to another doctor. The manager informed him that if it was done "it would be on her own."

Without further action toward compliance with C.R.S.

1963, 81-12-11(5) which provides that an employee "* * * upon the proper showing to the commission may procure its permission at any time to have a physician of his own selection attend him, * * * Juanita went to Dr. Gerber for examination and treatment. His report dated December 10, 1964, stated that she had sustained a low back injury consisting of a ruptured intervertebral disc and advised surgery with the expectation of reducing her disability to 5% as a working unit. His later report dated January 20, 1965, was to the effect that Juanita underwent laminectomy on December 2, 1964, at which time he found and removed a ruptured L4-5 intervertebral disc.

At a hearing before the referee of the Industrial Commission the insurance carrier was ordered to pay all medical, surgical, and hospital expenses incurred as a result of the accident, excluding therefrom however all such expense incurred while cared for by Dr. Gerber. This order of the referee was changed by the Industrial Commission to include the medical expenses involved in the services of Dr. Gerber.

Upon review by the district court the award made by the Industrial Commission was upheld and the employer and insurance carrier are here seeking reversal of that portion of the judgment which required payment of medical and hospital expenses incurred by Juanita while under the care of Dr. Gerber.

The instant case is controlled by the opinion of this court in *Colorado Fuel and Iron Corporation v. Industrial Commission*, 129 Colo. 353, 269 P.2d 1070, in which it was held that:

"It is clear from the foregoing provision of the statute that if a claimant in a workmen's compensation case desires to avail himself of the services of a physician other than the one furnished by his employer, the consent of the Industrial Commission is necessary before the employer can be held liable for the expense of such services. Any other interpretation of the language em-

ployed would render the above italicized portion of the statute nugatory."

It was agreed by counsel, during the oral argument of their case, that there has been a significant reduction in the percentage of permanent disability suffered by Juanita due to the operation successfully performed by Dr. Gerber, the expense of which the insurance carrier refused to pay. Since the carrier refused to defray this expense it is not entitled to accept the benefits thereof which take the form of substantially reduced payments of compensation for permanent disability.

An insurance carrier cannot be heard to disclaim responsibility for payment of medical expenses on the one hand, and on the other to claim all the benefits derived from the performance of those services.

It is therefore ordered that the trial court shall remand the cause to the Industrial Commission with directions to determine the percentage of disability which would have resulted if the laminectomy had not been performed by Dr. Gerber, and to order disability benefits paid to Juanita on that basis.

The judgment of the trial court is reversed and the cause remanded with directions.

MR. JUSTICE SUTTON, MR. JUSTICE DAY and MR. JUSTICE PRINGLE concur.