513 P.2d 228 (1973)
Margaret C. PICKETT, Petitioner,
v.
COLORADO STATE HOSPITAL et al., Respondents.
No. 72-173.
Colorado Court of Appeals, Div. II.
May 22, 1973.
Rehearing Denied June 26, 1973.
Carl W. Gellenthien, Pueblo, for petitioner.
Alious Rockett, Francis L. Bury, Feay Burton Smith, Jr., Denver, for respondents Colorado State Hospital and State Compensation Insurance Fund.
*229 Duke W. Dunbar, Atty. Gen., John P. Moore, Deputy Atty. Gen., Peter L. Dye, Asst. Atty. Gen., Denver, for respondent Industrial Commission of Colorado.
Selected for Official Publication.
DWYER, Judge.
In proceedings under the Workmen's Compensation Act, claimant, Margaret C. Pickett, was awarded benefits for temporary total disability, part of her medical expenses, and benefits for a permanent partial disability of 2% as a working unit. Claimant was denied benefits for part of the medical expenses she incurred during the period of her temporary total disability because such expenses were incurred without the consent of either the employer, its insurer, or the Division of Labor. The amount of claimant's permanent disability was determined as of September 9, 1971, the date she reached her maximum improvement.
On this petition for review, claimant contends that she is entitled to benefits for a higher degree of permanent disability. She contends that her permanent disability should be determined as it existed on October 27, 1970, the date she commenced the unauthorized medical treatment. We disagree with claimant's contention and affirm the final order of the Industrial Commission.
In her claim for benefits filed on December 9, 1970, claimant alleged that on October 12, 1970, she sustained injuries to her lower back while employed as a laundry worker by the Colorado State Hospital. The employer and its insurer, State Compensation Insurance Fund, denied liability. After a hearing on January 13, 1971, the referee found that claimant had sustained injuries in an accident arising out of and in the course of her employment and awarded claimant compensation for temporary total disability.
Claimant testified that she left work as a result of her injury on October 19, 1970, and began treatment by Dr. Stander, a physician of her own choice. On October 26, 1970, claimant, on her own initiative, employed two orthopedic surgeons. On that date, she was hospitalized and began a course of conservative treatment. She was seen at the hospital by Dr. Stander and one of the orthopedic surgeons. The referee found claimant was entitled to medical benefits and ordered payment of medical, surgical, and hospital expenses incurred as a result of said accident within six months and not to exceed $5,000. However, the referee, on motion of respondents, relieved the employer and its insurer from liability for "expenses incurred by the claimant at the hands of any other doctor besides Dr. Stander." Claimant remained under treatment by one of the orthopedic surgeons until November 12, 1971. During the course of this treatment claimant was examined on March 11, 1971, by the insurer's physician who concurred in the treatment prescribed by the orthopedic surgeons.
After subsequent hearings, the referee found that claimant was temporarily and totally disabled until September 9, 1971; that she had reached her maximum improvement on September 9, 1971; and that at that time she had sustained a permanent partial disability of 2% as a working unit. The referee ordered the insurer to pay compensation based on such degree of permanent partial disability, and this award was affirmed, adopted, and approved by the Industrial Commission.
The Workmen's Compensation Act does not permit an injured employee to change physicians or to employ additional physicians without notice to his employer or its insurer and consent of the Division of Labor. When an injured employee incurs unauthorized medical expenses, the employer or its insurer is not liable for such expenses. 1969 Perm.Supp., C.R.S. 1963, 81-12-11(5). Vanadium Corp. v. Sargent, 134 Colo. 555, 307 P.2d 454; Colorado Fuel and Iron Corp. v. Industrial Commission, 129 Colo. 353, 269 P.2d 1070. The claimant was properly denied benefits *230 for medical expenses she incurred without proper authorization.
The Commission's finding of 2% permanent partial disability was based on the testimony of claimant's own physician. Claimant does not claim that she suffers a greater degree of permanent disability. Claimant asserts that since the insurer refused to pay the unauthorized medical expenses, her permanent partial disability should be determined as of October 27, 1970, the date she commenced the unauthorized treatment, rather than September 9, 1971, the date she reached maximum improvement. The statute, 1969 Perm.Supp., C.R.S.1963, 81-12-9, provides compensation for the actual degree of permanent partial disability. The issue of the degree of permanent disability is to be decided according to the actual facts and is not to be influenced by who did or who did not pay for claimant's medical treatment. See State Compensation Insurance Fund v. Luna, 156 Colo. 106, 397 P.2d 231.
Claimant cites Wishbone Restaurant v. Moya, 162 Colo. 30, 424 P.2d 119, as supporting her argument that her disability should be determined as it existed prior to the unauthorized medical expense. In Moya a claimant who had reached maximum improvement sought to reduce her existing degree of permanent disability by further surgical treatment. The insurance carrier refused to pay for the proposed treatment, and the court held the claimant's degree of permanent disability should be measured as it existed before the unauthorized surgery. This rule has no application to the present case where the unauthorized expenses which the insurance carrier refuses to pay were for medical care during claimant's period of temporary total disability and before she reached her maximum improvement. It is undisputed that claimant's permanent partial disability was 2% on the date of maximum improvement. This is the actual disability which she suffered and for which she is entitled to compensation. The insurer's refusal to pay claimant's unauthorized medical expenses does not entitle claimant to compensation for a higher degree of permanent disability than that which she actually suffered.
Order affirmed.
SILVERSTEIN, C. J., and PIERCE, J., concur.