Oran GREAGER and Jan Greager,
d/b/a the Broken Spoke,
Petitioners,

v.

INDUSTRIAL COMMISSION OF the STATE of Colorado; Mike L. Baca, and Gary B. Rose, individually, and as members of the Industrial Commission of the State of Colorado; Charles McGrath, Director of the Division of Labor, and Wayne M. Gray, Respondents.

No. 84CA0692.

Colorado Court of Appeals,
Div. III.

April 11, 1985.

Harold C. Greager, Fort Collins, for petitioners.

Withers & Seidman, P.C., Charles E. Withers, Grand Junction, for respondent, Wayne M. Gray.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Lehnert, Dani R. Newsum, Asst. Attys. Gen., Denver, for respondents Industrial Com'n, Mike Baca, Gary B. Rose and Charles McGrath.

METZGER, Judge.

Oran and Jan Greager, d/b/a The Broken Spoke (employers), seek review of a final order of the Industrial Commission requiring them to pay the medical expenses of claimant, Wayne Michael Gray, as well as compensation for temporary total disability, permanent partial disability, and interest. We affirm.

Gray, a bartender at The Broken Spoke, sustained injuries to his head and knee in August 1979 while breaking up a fight. After a hearing in February 1980, the referee found that Gray was acting within the scope of his employment when the injuries occurred and that the injuries suffered arose out of and within the course of his employment. He ordered employers to pay for all necessary medical, surgical, and hospital expenses incurred as a result of Gray's accident. Employers did not appeal this determination.

Gray continued to experience difficulty with his knee, and underwent surgery in November 1980, which rendered him temporarily totally disabled. After a hearing, the referee ordered employers to pay temporary total disability. Gray's claim was left open with respect to additional periods of temporary total disability and/or permanent disability.

Gray then moved to Pennsylvania, and his file was suspended until the Division of Labor was advised that all medical care was completed and that Gray had reached maximum improvement. Gray underwent knee surgery again in February 1983 to repair a torn ligament.

Another hearing was held in August 1983, to determine liability for payment of Gray's out-of-state medical treatment, compensation for temporary total disability, and compensation for permanent partial disability. Employers contended that Gray had injured his knee while stepping off a porch step in March 1981, and asserted that that activity, not the incident at the Broken Spoke, necessitated Gray's treatment and expenses from that date.

The referee found that all of Gray's knee ligament damage resulted from his compensable injury of 1979 at The Broken Spoke. The referee also concluded that medical care rendered by a physician in Pennsylvania was authorized, since it resulted from a referral by Gray's treating physician in Colorado. Thus, employers were ordered to pay Gray's expenses for medical care incurred in Pennsylvania. The Industrial Commission adopted and affirmed the referee's order.

I.

Employers contend that, since Gray gave no notice to them that he intended to change physicians, and since he underwent further surgery in Pennsylvania without notifying employers or obtaining the consent of the commission, they cannot be held liable for the bills incurred. We disagree.

■ Section 8-49-101(1)(a), C.R.S. (1984 Cum. Supp.), obligates an employer to furnish the necessary medical assistance for treatment of a claimant's injury both at the time of the injury and "thereafter during the disability." If the injury is compensable, the employer's duty to provide medical and kindred relief at his own expense is absolute. *Frank v. Industrial Commission*, 96 Colo. 364, 43 P.2d 158 (1935).

■ The employer has the right, under § 8-51-110(5)(a) C.R.S. (1984 Cum. Supp.) to select the treating physician in the first instance. *Granite Construction Co. v.*

*Leonard,* 40 Colo.App. 20, 568 P.2d 500 (1977). The Workmen's Compensation Act does not permit an injured employee to have expenses paid by his employer when, on his own volition, he changes physicians or employs additional physicians without notice to his employer or its insurer and consent of the division of labor. *Pickett v. Colorado State Hospital,* 32 Colo.App. 282, 513 P.2d 228 (1973). However, an employee may engage medical services if the employer has expressly or impliedly conveyed to the employee the impression that the employee has authorization to proceed in this fashion, or, with full knowledge over a sustained period of time, has failed to object to claimant's change of physician. 2 A. Larson, *Workmen's Compensation Law* § 61.12(g)(1983); *Divito v. Fuller Brush Co.,* 217 So.2d 313 (Fla.1969).

█ Claimant's authorized treating physician, Dr. Kimball, referred claimant to an orthopedic physician, Dr. Fisher. When Dr. Fisher learned that claimant would be moving to Pennsylvania, he referred claimant to Dr. Hottenstein, an orthopedic physician in Pennsylvania. Employers consented to Gray's treatment by Drs. Kimball and Fisher, and did not object to the referral by Dr. Kimball to Dr. Fisher.

█ Gray did not voluntarily change physicians because of dissatisfaction or other personal reasons. Rather, his change of physicians resulted from a professional referral by his authorized treating physician. Thus, we hold that, under these circumstances, the express consent of the employer and of the commission was not required. Employers are liable for the expenses incurred when, as part of the normal progression of authorized treatment for a compensable injury suffered by a claimant, an authorized treating physician refers a claimant to another physician or other physicians. *See McKinney v. McKinney Farms,* 380 So.2d 469 (Fla.Dist. Ct.App.1980). If the referral is necessitated by a claimant's permanent relocation, the employer is obligated to pay for the services rendered pursuant to the referral.

The referee found that the medical services in Pennsylvania were necessary and were performed as a result of Gray's referral from his physician in Colorado; that finding was upheld by the Commission, and we will not disturb it on review since it is supported by the record. *Casa Bonita Restaurant v. Industrial Commission,* 624 P.2d 1340 (Colo.App.1981). Accordingly, we conclude that Gray was authorized to continue his treatment in Pennsylvania by the physician to whom he was referred by his Colorado physician, and that the Commission's order awarding him medical benefits for such out-of-state services was, therefore, correct.

Employers' remaining contentions are without merit.

Order affirmed.

STERNBERG and TURSI, JJ., concur.