**MARTIN K. EBY CONSTRUCTION COMPANY, INC., and Commercial Union Insurance Company, Petitioners,**

v.

**The INDUSTRIAL COMMISSION of the State of Colorado; Cynthia D. Trujillo; and Director, Division of Labor, Department of Labor and Employment, State of Colorado, Respondents.**

No. 84CA1341.

Colorado Court of Appeals,
Div. II.

July 18, 1985.
Rehearings Denied Aug. 29, 1985.

Clifton & Lavinder, P.C., James R. Clifton, Denver, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Ann Whiteside, Asst. Atty. Gen., Denver, for respondents Indus. Com'n and Div. of Labor.

Martinez & Allman, Robert L. Allman, Denver, for respondent Cynthia D. Trujillo.

BABCOCK, Judge.

Petitioners, Martin K. Eby Construction, Inc., and Commercial Union Insurance Co., seek review of a final order of the Industrial Commission which awarded claimant, Cynthia Trujillo, benefits for 12 percent permanent partial disability. We set aside the order.

On October 17, 1980, claimant injured her back in a fall from a piece of heavy equipment during the course of her employment by Eby. Claimant's treating physician estimated that she suffered a 3 percent permanent disability because of persistent pain and stated that he believed that she should not return to heavy equipment operation. However, the physician testified that claimant had a normal myelogram and electromyogram and that he was therefore unable to determine any anatomical basis for her pain and weakness. An examining physician stated that he believed that claimant suffered from "injury to a disc in the low back with some nerve root irritation," and, as a result, was 4 percent disabled. A second examining physician stated that claimant's CT scan, electromyogram, and nerve conduction tests were all normal and concluded that claimant's complaints could not be explained on an anatomical basis.

Claimant was evaluated by a vocational rehabilitation counselor selected by petitioners who opined that retraining was inappropriate in view of claimant's transferable skills. Although claimant expressed an interest in attending drafting school, the vocational counselor stated that such training would not enable claimant to attain her pre-injury wage level. The vocational counselor submitted a general plan setting forth claimant's vocational goals as "light delivery/warehouse," "light to medium equipment operation," and "indoor/outdoor clerical." However, during the pendency of the case, claimant, without notice to petitioners or approval by the Director, obtained her own vocational rehabilitation counselor, attended a 10-month course in drafting, and obtained a drafting job at a salary comparable to her pre-injury salary.

The hearing officer found that the attempts at placement by the employer's vocational counselor did not constitute placement in a "suitable" occupation leading to a "meaningful career." In view of claimant's failure to obtain prior approval of her

own rehabilitation plan, the hearing officer determined that the employer could not be held liable for the expenses of the plan. However, the hearing officer determined that the employer, having failed to pay for claimant's unauthorized vocational counseling and training, was not entitled to benefit from the reduction in earning impairment which resulted from the unauthorized rehabilitation. The hearing officer, therefore, determined claimant's disability without consideration of any reduced impairment from the unauthorized rehabilitation. The hearing officer found that since claimant's employment history prior to her employment by employer consisted only of minimum wage jobs, her post-injury earning capacity was only minimum wage and that she therefore had suffered a 57 percent wage loss. In view of the 3 percent disability rating by claimant's treating physician, the hearing officer determined that claimant suffered 12 percent permanent partial disability. The Industrial Commission affirmed.

On review, petitioners contend that the Commission erred in failing to consider claimant's actual earning capacity following her unauthorized rehabilitation. We agree.

■ The degree of a claimant's permanent partial disability is determined according to the claimant's actual condition and earning capacity regardless of who paid for claimant's medical and vocational treatment. *See State Compensation Insurance Fund v. Luna*, 156 Colo. 106, 397 P.2d 231 (1964); *Pickett v. Colorado State Hospital*, 32 Colo.App. 282, 513 P.2d 228 (1973); 2 A. Larson, *Workmen's Compensation Law* § 61.12(j) (1983). The sole exception to this rule exists when a claimant who has reached maximum medical improvement seeks to reduce the degree of disability through additional treatment and the employer refuses to pay for such proposed treatment. Under such circumstances, the employer may not benefit from any reduction in disability resulting from the treatment for which it has refused to pay.

*Wishbone Restaurant v. Moya*, 162 Colo. 30, 424 P.2d 119 (1967).

■ Here, there was no evidence that claimant gave advance notice to petitioners of her intention to pursue alternative rehabilitation services. Moreover, she failed to follow the rehabilitation plan proposed by petitioners and had as a result not achieved the maximum post-injury earning potential which would have resulted from that plan. The instant case is, thus, distinguishable from *Wishbone Restaurant v. Moya, supra*. Therefore, the Commission erred in failing to base its determination of claimant's permanent partial disability upon her actual earning capacity. *See Pickett v. Colorado State Hospital, supra*.

■ However, consistent with the principle enunciated in *Wishbone Restaurant v. Moya, supra*, that the employer may not disclaim responsibility for the expense of treatment from which it receives benefit, we conclude that it would be inequitable for petitioners to escape liability for the expenses incurred by claimant in achieving the rehabilitation that led to her current job. We therefore hold that where, as here, a claimant has established that unauthorized medical treatment or vocational rehabilitation has reduced the degree of permanent partial disability from which the claimant would otherwise have suffered and that the expenses thus incurred are reasonably proportionate to the benefit received, the employer is liable for such unauthorized but reasonable expenses.

The order is set aside and the cause is remanded for entry of a new order in which the degree of permanent partial disability is calculated on the basis of claimant's actual earning potential and which reflects petitioner's liability for the expenses reasonably incurred by claimant in obtaining a reduction in her earning impairment through her own vocational rehabilitation and training efforts.

SMITH and KELLY, JJ., concur.