**Clifford L. JACOBY, Petitioner,**

v.

**METRO TAXI, INC.; Colorado Compensation Insurance Authority; and The Industrial Claim Appeals Office of the State of Colorado, Respondents.**

No. 92CA0691.

Colorado Court of Appeals,
Division I.

Feb. 11, 1993.

Rehearing Denied March 18, 1993.

Norton Frickey & Associates of Colorado Springs, P.C., Dan O. Adkins, Colorado Springs, for petitioner.

Paul Tochtrop, Denver, for respondents Metro Taxi, Inc. and Colorado Compensation Ins. Authority.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Attorney General, Timothy M. Tymkovich, Sol. Gen., John R. Parsons, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

Opinion by Judge METZGER.

Clifford L. Jacoby (claimant) petitions for review of a final order of the Industrial Claim Appeals Panel determining that certain chiropractic treatment he had received was unauthorized and that respondents, Metro Taxi, Inc. (employer) and the Colora-·

do Compensation Insurance Authority (CCIA), were not liable for this unauthorized treatment. We set aside the order and remand the cause with directions.

The facts are undisputed. Claimant sustained an admitted industrial injury while driving a taxi for employer and was treated for his injury by various doctors. In February 1989, claimant requested the CCIA to authorize a change from this treatment to chiropractic care. The CCIA timely denied the request for change.

The following year, in January 1990, claimant unilaterally obtained chiropractic care. In February 1990, he wrote the CCIA: "Since you have not specified a doctor to tend to my physical problems stemming from my accident, I will obtain my own doctor if I do not hear from you within 20 days, pursuant to the provisions of section 8–51–110." The CCIA did not respond to claimant until May 15, 1990, when it indicated it was adhering to its earlier denial of chiropractic care made in February 1989.

The Administrative Law Judge (ALJ) determined that the chiropractic care was authorized because the CCIA's second denial was untimely, thus constituting a waiver of any objection to claimant's change in physician. In reversing, the Panel determined that once an insurer denies a request for a change of physician, it need not respond to subsequent requests absent a showing of substantial justification for the new request. The Panel concluded that, if no such showing is made, the remedy provided by the provisions now codified in § 8–43–404(5)(a), C.R.S. (1992 Cum.Supp.) is for claimant to request administrative approval from the Division of Labor (Division) for a change in physicians.

Claimant contends that the Panel's interpretation of § 8–43–404(5)(a) was erroneous. We agree.

Section 8–43–404(5)(a) provides in pertinent part that:

Upon written request to the insurance carrier or employer's authorized representative if self-insured, the employee may procure written permission to have a personal physician or chiropractor at-

tend said employee. If such permission is neither granted nor refused within twenty days, the employer or insurance carrier shall be deemed to have waived any objection thereto. Objection shall be in writing and shall be deposited in the United States mail or hand delivered to the employee within said twenty days. Upon the proper showing to the division, the employee may procure its permission at any time to have a physician of the employee's selection attend said employee. . . .

Nothing in this statute requires a claimant to seek the Division's intervention when an insurer denies a request for change of physician. Nor is there any indication that resort to the Division constitutes part of a mandatory administrative appellate process. The General Assembly omitted any reference to the order of remedies a claimant must pursue when requesting a change of physician, and it provided no limitation on how often a claimant may make such requests. Rather, the statute expressly states that a claimant "may" turn to the Division "at any time."

In concluding that resort to the Division was the next administrative step after a claimant's request had been denied by the insurer, the Panel relied on *Wishbone Restaurant v. Moya*, 162 Colo. 30, 424 P.2d 119 (1967). However, we conclude that *Wishbone* is inapplicable here.

First, that case did not involve an insurer's untimely denial of a second request. Furthermore, the statement in *Wishbone* which forms the basis for the Panel's opinion is dictum. In reciting the facts, the *Wishbone* court noted that the claimant, after the insurer had denied her request for change of physician, had obtained her own treatment "[w]ithout further action toward compliance with" the predecessor statute allowing the Commission's (now Division's) approval of requests for change. *Wishbone Restaurant v. Moya, supra*, 162 Colo. at 31, 424 P.2d at 120. This statement has no relation to the legal substance of *Wishbone*, which involved other workers' compensation issues.

Additionally, we find no precedential support for the Panel's requirement that a claimant have "substantial justification" before submitting a second request.

The Panel impermissibly extended the reach of § 8–43–404(5)(a) beyond its plain terms. We decline judicially to legislate provisions for the sequence and frequency of requests for change of physician made pursuant to § 8–43–404(5)(a). *See Kraus v. Artcraft Sign Co.*, 710 P.2d 480 (Colo. 1985) (a court should not read nonexistent provisions into the Workers' Compensation Act). Although we recognize that the potential for abuse exists if multiple serial requests are made in an effort to obtain authorization by default, we conclude that this is a problem more appropriately to be addressed by the General Assembly.

Our disposition obviates the need to address claimant's alternative contention.

The order of the Panel is set aside, and the cause is remanded to the Panel with instructions to reinstate the ALJ's order.

PIERCE and DAVIDSON, JJ., concur.