**Jean S. SCHRIEBER (Thompson), Petitioner,**

v.

**BROWN & ROOT, INC., Highlands Insurance Company, and The Industrial Claim Appeals Office of the State of Colorado, Respondents.**

No. 92CA2010.

Colorado Court of Appeals, Div. V.

Dec. 16, 1993.

Rehearing Denied Jan. 13, 1994.

Susan D.S. Knisley, Denver, for petitioner.

Halaby, McCrea & Cross, Bruce B. McCrea, Denver, for respondents Brown & Root, Inc. and Highlands Ins. Co.

No appearance for respondent Industrial Claim Appeals Office.

Opinion by Judge BRIGGS.

In this workers' compensation case, the claimant, Jean S. Schrieber, seeks review of a final order of the Industrial Claim Appeals Panel denying and dismissing her claim for temporary disability benefits. We affirm.

This case was previously on review before this court. *Brown & Root, Inc. v. Industrial Claim Appeals Office,* 833 P.2d 780 (Colo. App.1991) *(Brown I )*. The pertinent procedural events both before and after *Brown I* are relevant to the issues raised in this appeal.

Claimant suffered an admitted industrial injury to her back in 1981. A hearing was held in 1983 on claims for medical and temporary disability benefits. In February 1984, the Administrative Law Judge (ALJ) entered an order, later approved by the Industrial Claim Appeal Panel, directing that claimant's necessary medical expenses be paid, but concluding that claimant had not suffered any temporary total disability.

In May of 1984, while en route to a hospital to which claimant had been referred by an orthopedic surgeon selected by her, she was involved in an automobile accident. Her pre-existing injuries were allegedly aggravated.

In 1988, the claimant requested another hearing upon the issues of medical and temporary disability benefits, contending that she had requested permission to treat with other doctors in 1983 and that the insurer had failed to respond to the merits of her request. She argued that as a result the surgeon she had selected was an authorized

treating physician and that she was therefore entitled to receive medical and disability benefits for the injuries incurred in the automobile accident.

In his initial order after this 1988 hearing, the ALJ determined that the insurer's response to the claimant's letter requesting permission to consult with other unspecified treatment providers was proper. Accordingly, the ALJ concluded that the surgeon had not become an authorized physician by default.

The ALJ further determined that a reopening was necessary for the claimant to pursue further benefits. Because claimant had failed to file a petition to reopen within six years of the date of the accident or within two years after the date the last compensation became due and payable, the ALJ concluded that the claimant had failed to file a timely petition to reopen. Thus, the ALJ denied the claim for disability and medical benefits subsequent to February 1984.

However, on administrative review, the Panel determined that a reopening was unnecessary and that the surgeon was authorized by default. Accordingly, it remanded the matter to the ALJ for entry of a new order determining claimant's entitlement to benefits.

Upon remand, the ALJ, in April 1990, found that the surgeon referred the claimant for diagnostic testing and treatment and that, while en route for such treatment, she was injured when a motorist hit her car from behind. He determined that as a result of the impact, the claimant's pre-existing psychological problems and pre-existing gastrointestinal condition were aggravated, necessitating further treatment from various physicians.

The ALJ concluded that the claimant had established by a preponderance of the evidence that her injuries and the aggravation of her pre-existing conditions sustained in the automobile accident were proximately caused by the necessity of the claimant's travel to the hospital per the referral of the surgeon, who the Panel had determined as a matter of law was an authorized treating physician. Accordingly, the claimant was awarded medical, surgical, and hospital expenses and temporary total disability benefits from May 1984.

This latter order was affirmed by the Panel in September 1990. As relevant here, the Panel concluded the record supported the ALJ's determination that the claimant was injured while pursuing treatment for an industrial injury, and therefore, the requisite causal relationship had been established.

In *Brown I,* a division of this court determined that the Panel was correct in concluding that a petition to reopen was not required for the claimant to pursue further medical or disability benefits. However, the court also concluded the record supported the ALJ's initial finding that the surgeon had not become an authorized physician by default. Because this was an ultimate finding of fact, the court held that the Panel lacked the authority to set aside the ALJ's finding. It therefore set aside the order of the Panel and remanded the cause for the entry of an order consistent with the views set forth in the opinion. The Panel's order on remand is the subject of this appeal.

I.

■ Claimant first contends that the Panel lacked the authority to determine the questions of causation and disability, that it exceeded the scope of this court's directive, and that it should have remanded the matter to the ALJ for further findings. Her argument is that the determination of a causal relationship between the work injury and a resulting disability is a question of evidentiary fact for the ALJ. Claimant asserts the Panel therefore erred on remand after *Brown I* in making its own "finding of fact" that, because the surgeon was not authorized to provide treatment for the industrial injury, the causal connection between the industrial injury and the disability resulting from the later automobile accident was severed. Under the circumstances of this case, we are not persuaded.

The Panel determined that the injuries received by the claimant en route to receive treatment from an unauthorized treating physician, years after her initial injury and at

a time when she was no longer working for the employer, were not causally related to the work accident. Thus, the Panel concluded claimant had failed to satisfy the requirement of § 8–52–102(1)(c), C.R.S. (1986 Repl. Vol. 6B) (recodified at § 8–41–301(1)(c)), C.R.S. (1993 Cum.Supp.), that the injury be "proximately caused" by an injury arising out of and in the course of employment.

■ Section 8–53–111(7) in its present form requires the Panel to accept the ALJ's findings of ultimate facts as well as evidentiary facts, if supported by substantial evidence in the record. However, both the Panel and this court may review a conclusion of law for error. *See May D & F v. Industrial Commission,* 752 P.2d 589 (Colo.App.1988).

■ The determination of causation may involve an evidentiary fact or an ultimate fact. And, an ultimate fact may involve a mixed question of law and fact or solely a question of law. *See Baca v. Helm,* 682 P.2d 474 (Colo.1984). If facts are undisputed and reasonable minds could draw but one inference from them, causation is a question of law for the court. *Smith v. State Compensation Insurance Fund,* 749 P.2d 462 (Colo. App.1987).

Here, counsel for claimant conceded during oral argument that the issue presented is not whether the injuries sustained in the 1984 automobile accident were in fact a natural and probable consequence of the 1981 compensable injury which the employer should be expected to foresee. We agree with the claimant that the 1984 accident was an efficient intervening cause as a matter of law. *Cf. Post Printing & Publishing Co. v. Erickson,* 94 Colo. 382, 30 P.2d 327 (1937).

Claimant contends she is nevertheless entitled to compensation under the "quasi-course of employment doctrine." Courts have utilized this doctrine to extend liability to subsequent injuries incurred in certain activities that take place outside the time and space limits of normal employment and would not be considered employment activities for usual purposes. Liability is extended because these activities would not have been undertaken but for the compensable injury and are an implied part of the employment contract.

*See Excel Corp. v. Industrial Claim Appeals Office,* 860 P.2d 1393 (Colo.App.1993); 1 A. Larson, *Workmen's Compensation Law* § 13.11(d) (1992).

■ However, the scope of the quasi-course of employment doctrine, like the scope of the doctrine of duty, can be a question of law involving public policy considerations. *See Kodiak Oil Field Haulers v. Adams,* 777 P.2d 1145 (Alaska 1989); *cf. Largo Corp. v. Crespin,* 727 P.2d 1098, 1102 (Colo.1986) ("In determining whether the law should impose a duty on the defendant to avoid a particular harm to the plaintiff, the court must consider several factors, including the extent, foreseeability and likelihood of injury, the social utility of the actor's conduct, the magnitude of the burden placed on the defendant to guard against the injury, and the consequences of placing that burden on the defendant."). The decision of the Panel, based on undisputed facts and involving public policy considerations, resolved a question of law.

We therefore conclude it was unnecessary to remand to the ALJ for an initial determination of this question of law, and the Panel did not err in failing to do so.

## II.

■ Claimant asserts that the receipt of unauthorized medical treatment does not extinguish a claim for disability benefits. She argues that medical benefits and compensation are separate and distinct benefits under the Workers' Compensation Act. In support of her argument, she relies on cases in which the employer was held liable for the payment of medical benefits which, although unauthorized, resulted in an improvement in the claimant's condition.

■ We agree that disability is determined upon the claimant's actual condition and earning capacity and is not dependent upon who did or did not pay for medical benefits. *See Pickett v. Colorado State Hospital,* 32 Colo.App. 282, 513 P.2d 228 (1973). *See also Martin K. Eby Construction Co. v. Industrial Commission,* 710 P.2d 1164 (Colo. App.1985). However, we do not view this

principle as dispositive of the issue presented here.

In *Excel Corp. v. Industrial Claim Appeals Office, supra,* a division of this court adopted the "quasi-course of employment" doctrine and found that injuries sustained while leaving a physical therapy session were compensable. However, in that case the treatment was authorized. The court reasoned that because the employer is required to provide medical treatment and the injured employee is required to submit to medical treatment, a trip to the doctor's office becomes an implied part of the employment contract.

Here, because the claimant was en route to an unauthorized treatment provider, the trip, even though it may have been reasonable, was not an implied condition or expectation of the claimant's employment. Accordingly, we find no error in the Panel's conclusion that as a matter of law claimant is not entitled to benefits for injuries sustained during that trip. *See Wolfe v. City of El Dorado,* 33 Ark.App. 25, 799 S.W.2d 812 (1990); *Snowbarger v. M.F.A. Central Co-operative,* 328 S.W.2d 50 (Mo.App.1959), *aff'd,* 349 S.W.2d 224 (Mo.1961); *see generally* 1 A. Larson, Workmen's Compensation Law § 13.13 at 3–570 (1992) (compensation has been denied when there is an added factor weakening the causal connection, such as doubt whether a trip was authorized).

### III.

■ We also reject the claimant's assertion that in *Brown I* the employer failed to argue in its opening or reply brief that the claimant was not entitled to the temporary disability payments awarded.

In their petition for review in *Brown I,* respondents raised the issue whether the "quasi-course of employment" doctrine had properly been applied and whether all of the claimant's injuries or medical problems following the accident were proximately caused by treatment authorized in conjunction with her industrial injury. Respondents then argued in their opening brief in *Brown I* that, as a result of the Panel's erroneous determination that the surgeon was authorized, they

had been held liable for further temporary disability resulting from the automobile accident. The relief they requested was that the Panel's decision be reversed and the ALJ's order of June 8, 1989, be affirmed. In that order, the ALJ had denied the claimant's request both for medical and disability benefits.

Therefore, based on these circumstances, we conclude that the employer did not abandon the argument that the claimant was not entitled to disability payments.

Order affirmed.

MARQUEZ and DAVIDSON, JJ., concur.