ARTCRAFT SIGN COMPANY and The State Compensation Insurance Fund, Petitioners,

v.

Charles McGRATH, the Director of the Department of Labor, State of Colorado, Colorado Industrial Commission and Timothy C. Kraus, Respondents.

No. 83CA0215.

Colorado Court of Appeals, Div. III.

Nov. 17, 1983.

Rehearing Denied Dec. 15, 1983.

Fuller & Evans, Larry G. Johnson, Denver, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Kathryn J. Aragon, Asst. Attys. Gen., Denver, for respondents Charles McGrath and Colorado Industrial Commission.

Gordon F. Jorgensen, Denver, for respondent Timothy C. Kraus.

STERNBERG, Judge.

Claimant, Timothy C. Kraus, was awarded benefits as the result of a back injury suffered while employed by Artcraft Sign Company, the Industrial Commission affirmed the award, and Artcraft seeks review. We set aside the award and remand for further proceedings consistent with this decision.

Kraus originally suffered a back strain accompanied by disk damage on January 2, 1980, while employed by a previous employer, and received workmen's compensation benefits. As a result of that injury, in May 1980, he underwent a laminectomy at lumbar 4 and 5. He was subsequently released by his physician and eventually returned to heavy lifting work with that employer. Later, he was laid off and worked at several part-time jobs.

On November 5, 1980, Kraus applied for employment with Artcraft. On the employment application, in response to a question asking him to list his physical defects, he wrote "none." Kraus did not answer the next question, "Were you ever injured?" and did not respond to a question requesting details of any injury. He also did not answer several other questions on the application, none of which related to his physical condition.

Kraus was hired by Artcraft, and on December 15, 1980, claimed that he injured his back in the course of lifting materials on a job site. He reported the injury to his foreman, and Artcraft filed an accident report based on the information he supplied. In reporting the injury, Kraus informed the foreman that he had suffered a previous back injury.

On January 15, 1981, there was filed on behalf of the employer a general admission of liability for temporary disability payments for the December 15, 1980, injury on the basis of a physician's report that Kraus' then current disability was related to that injury. On January 27, 1982, however, Artcraft informed the Division of Labor that it was contesting liability based upon false statements made by Kraus in his employment application. Artcraft later requested a hearing in order to contest the admission and resultant award. Petitioner State Compensation Insurance Fund also later attempted to withdraw its admission of liability.

The December 15, 1980, injury was subsequently traced to the lumbar 4 and 5 region. On February 9, 1981, Kraus underwent a re-exploration of that area and a posterior lumbar interbody fusion was performed.

I.

Relying on *Vargo v. Industrial Commission*, 626 P.2d 1164 (Colo.App.1981), Artcraft contends that because its admission of liability was based upon false statements of the employee, the admission is void and may be withdrawn. We do not agree.

■ As the hearing officer concluded, there was no case law or statutory authority in Colorado for withdrawal of an admission of liability for alleged misrepresentations made on an employment application. An admission of liability is binding after 30 days if uncontested. *Vargo v. Industrial Commission, supra.* Artcraft contested the admission within 30 days, but the State Compensation Insurance Fund, which originally made the admission on Artcraft's behalf, did not.

■ As noted in *Vargo, supra,* there is no Colorado statutory provision which permits retroactive withdrawals of an admission of liability. However, the court in *Vargo* held that when a claimant supplies materially false information upon which his employer and its insurer rely in filing an admission of liability, the referee is justified in declaring the admission void *ab initio.*

That, however, is not the situation here, as the hearing officer noted. Any misrepresentation by Kraus related to his application for employment, not his application for an award. The record indicates that on his employment application with Artcraft he listed his previous employment at which he suffered his original injury, and that he informed Artcraft of the previous injury when he reported the December 15, 1980, injury. There was no misinformation supplied about the December 15 injury. Kraus was unquestionably injured in the course and scope of his employment with Artcraft. Thus, Artcraft's reliance on *Vargo v. Industrial Commission, supra,* is misplaced.

## II.

■ Artcraft asserts, nevertheless, that Kraus' misrepresentations on his employment application should bar his claim. It first argues that § 8–53–112, C.R.S.1973 (1982 Cum.Supp.) authorizes the award to be set aside. We disagree.

Section 8–53–112 provides:

"Upon such hearing, the court may affirm or set aside such order or award, but only upon the following grounds: That the director or commission acted without or in excess of his or its powers; that the finding, order, or award was procured by fraud; that the findings of fact by the director do not support the order or award."

However, Artcraft merely asserts that the award should be reversed on the grounds contained within § 8–53–112 without explaining why. As noted earlier, there is no evidence that the *award* was procured by fraud. Artcraft does not develop an argument based on the other grounds contained in § 8–53–112.

■ Artcraft further argues that we join a growing number of states which have adopted the rule that misrepresentations on an employment application should bar a workmen's compensation claim. The rule is set forth in 1C *A. Larson, Workmen's Compensation Law* § 47.53 (1982):

"The following factors must be present before a false statement in an employment application will bar benefits: (1) The employee must have knowingly and wilfully made a false representation as to his physical condition. (2) The employer must have relied upon the false representation and this reliance must have been a substantial factor in the hiring. (3) There must have been a causal connection between the false representation and the injury."

We conclude this rule to be a sound one and adopt it. However, application of this rule will not necessarily bar claimant's recovery of benefits here.

We note first that all elements of the test must be satisfied before benefits may be denied. While the hearing officer concluded that claimant had made misrepresentations regarding his physical condition, he made no finding that claimant "knowingly and wilfully made a false representation as to his physical condition." In fact, Kraus could have reasonably believed that he did not have a physical defect, and he left several questions unanswered which were unrelated to his physical condition.

■ The hearing officer did make a finding that Artcraft relied on the false representation and that it would not have hired Kraus if his prior back injury had been known, and there is evidence in the record to support such a finding. But the hearing officer made no finding that there was "a causal connection between the false representation and the injury." As stated in *Quaker Oats Co. v. Smith*, 574 S.W.2d 45 (Tenn.1978):

"The causal connection required is a factual showing that the injury upon which the workmen's compensation claim is based is causally related to the employee's prior injuries or physical condition which were wrongfully concealed from the employer.... Except in the most obvious cases, such causation must be established by expert medical testimony."

■ This is not one of the "most obvious cases." Kraus' treating physician wrote in a letter:

"I would think considering the patient's history, that his second injury was probably *separate and distinct*, but compounded an already previously injured back." (emphasis added)

The record is devoid of expert medical testimony regarding a causal connection between the "false representation" and the injury.

Therefore, the order awarding benefits is set aside and the cause is remanded for further proceedings at which this claim is to be considered in light of the three-part test adopted herein. Specifically, we direct the hearing officer to conduct further hearings to determine whether claimant "know-

ingly and wilfully made a false representation as to his physical condition," and if so, to consider expert medical testimony as to whether there was "a causal connection between the false representation and the injury."

TURSI and BABCOCK, JJ., concur.