In the Matter of Timothy C. KRAUS; Charles McGrath, the Director of the Department of Labor, State of Colorado; and the Colorado Industrial Commission, Petitioners,

v.

ARTCRAFT SIGN COMPANY and the State Compensation Insurance Fund, Respondents.

No. 83SC475.

Supreme Court of Colorado, En Banc.

Dec. 16, 1985.

Gordon F. Jorgensen, P.C., Gordon F. Jorgensen, Denver, for petitioner, Timothy C. Kraus.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Kathryn J. Aragon, Asst. Atty. Gen., Denver, for petitioners, Charles McGrath and Colorado Indus. Com'n.

Fuller and Evans, Larry G. Johnson, Denver, for respondents.

ERICKSON, Justice.

In this workmen's compensation case we granted certiorari to review *Artcraft Sign Co. v. McGrath,* 679 P.2d 1103 (Colo.App. 1983). We consider whether a failure to fill in all of the blanks on an employment application, thereby omitting material information as to previous injuries, can bar a later claim for workmen's compensation. We now reverse and remand to the court of appeals with directions to reinstate the temporary disability benefits awarded to petitioner by the Industrial Commission.

### I.

Petitioner, Timothy C. Kraus, was awarded benefits under the Colorado Workmen's Compensation Act. The respondent-employer, Artcraft Sign Company, alleges that Kraus fraudulently obtained benefits because he failed to fill in all of the blanks on his application for employment and did not reveal that he had previously suffered an industrial injury to his back.

Kraus first injured his back in 1979 while working for Olson Construction Company. The injury was successfully repaired by surgery in May of 1980, and he returned to work for Olson. On November 5, 1980, Kraus applied for employment with the Artcraft Sign Company. On the job application form, Kraus wrote "none" in response to a question that asked the applicant to list any physical defects. Kraus left the space blank next to the question "were you ever injured?" Artcraft personnel did not question Kraus about his failure to fill in the blank. The record indicates

that it was not unusual for prospective employees to leave the space blank next to the question that asked about previous injuries.

Artcraft hired Kraus, and on December 15, 1980, Kraus again injured his back while loading a truck for Artcraft. At the time he was injured, Kraus told the foreman at Artcraft that he had suffered an earlier back injury. On January 15, 1981, after receiving the examining physician's report, the State Compensation Insurance Fund (Insurance Fund), workmen's compensation insurer for Artcraft, filed a general admission of liability, pursuant to section 8–53–102, 3 C.R.S. (1973), for temporary disability payments arising out of the December 15 injury. On January 27, 1981, Artcraft filed objections to Kraus' claim on the grounds that Artcraft was not advised that Kraus had suffered an earlier back injury. On June 2, 1981, the Insurance Fund requested that it be allowed to withdraw its admission of liability for Kraus' temporary disability.

The Insurance Fund based its request to withdraw the admission on Kraus' failure to answer the question relating to previous injuries. A Department of Labor hearing officer held hearings on September 10 and November 20, 1981, and on February 26, 1982, decided that the Insurance Fund could not withdraw its admission of liability for Kraus' temporary disability. The Colorado Industrial Commission affirmed the hearing officer's decision.

The Colorado Court of Appeals reversed and remanded the case to the Industrial Commission with directions to conduct a hearing and to make a factual determination based on a new three-part test. *Artcraft Sign Co. v. McGrath*, 679 P.2d 1103 (Colo.App.1983). The new test adopted by the court of appeals was intended to provide a means for determining when misrepresentations on an employment application would bar recovery for a workmen's compensation claim after the insurance carrier has admitted liability.

## II.

The court of appeals held that a false statement in an employment application can, under some circumstances, bar workmen's compensation benefits despite an admission of liability by the insurance carrier. The court of appeals adopted a three-part test to determine when benefits would be revoked for false statements in an employment application:

(1) The employee must have knowingly and wilfully made a false representation as to his physical condition. (2) The employer must have relied upon the false representation and this reliance must have been a substantial factor in the hiring. (3) There must have been a causal connection between the false representation and the injury.

*Artcraft*, 679 P.2d at 1106 (quoting 1C A. Larson, *Workmen's Compensation Law* § 47.53 (1982)). Accordingly, Kraus' claim was remanded to the Industrial Commission for factual findings on the first and third factors of the test to determine if Kraus should be denied benefits.

■ The Colorado Workmen's Compensation Act is a comprehensive statutory method for compensating workers who suffer job-related injuries. The Act provides in section 8–53–102, 3 C.R.S. (1973), that employers or their insurers (here the State Compensation Insurance Fund) can admit liability for job-related injuries suffered by their employees. Once such an admission of liability is made by the employer or its insurer, the Workmen's Compensation Act contains no provision permitting the admission to be retroactively withdrawn or revoked. *Vargo v. Colorado Industrial Commission*, 626 P.2d 1164 (Colo.App. 1981).

In *Vargo*, the court of appeals did hold that insurers can retroactively withdraw an admission of liability where the claimant made fraudulent misstatements regarding the specific injury for which benefits are claimed. The *Vargo* exception has no application to this case because Kraus did not provide false information about the December 15, 1980 back injury. The misrepresen-

tations allegedly made by Kraus related solely to his failure to fill in the blanks on his job application.

It is fundamental that a court cannot assume powers vested in the executive or legislative branches of government. *See Conrad v. City and County of Denver,* 656 P.2d 662 (Colo.1982); *Kallenberger v. Buchanan,* 649 P.2d 314 (Colo.1982); *Wimberly v. Ettenberg,* 194 Colo. 163, 570 P.2d 535 (1977). The Workmen's Compensation Act was enacted by the Colorado General Assembly, and only the General Assembly can change the provisions of the Act. We have uniformly held that a court should not read nonexistent provisions into the Colorado Workmen's Compensation Act. *See, e.g., Snyder v. Industrial Commission,* 138 Colo. 523, 335 P.2d 543 (1959); *Maryland Casualty Co. v. Industrial Commission,* 116 Colo. 58, 178 P.2d 426 (1947); *Colorado Fuel and Iron Co. v. Industrial Commission,* 88 Colo. 573, 298 P. 955 (1931).

Accordingly, the judgment is reversed and the case is remanded to the court of appeals with directions to reinstate the Industrial Commission's award of temporary disability payments to Kraus.