**Roberta L. ROGERS, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and Safeway Stores, Inc., a Self-Insured Employer, Respondents.**

No. 87CA0534.

Colorado Court of Appeals, Div. I.

Oct. 29, 1987.

Eldridge, Lindstrom, Wilcox and Ogden, Ralph Ogden, Barbara J. Lindstrom, Denver, for petitioner.

Duane Woodward, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Michael J. Steiner, Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office.

Watson, Nathan & Bremer, P.C., Anne Smith Myers, Denver, for respondent Safeway Stores, Inc.

CRISWELL, Judge.

Roberta L. Rogers (claimant) seeks review of a final order of the Industrial Claim Appeals Office (Panel) which denied her claim for medical and permanent partial disability benefits. We set aside the order insofar as it denied her medical benefits, but otherwise affirm.

## I.

Claimant sustained an injury to her back on August 16, 1984, and reported it to her manager the next day, August 17. The manager advised claimant that it was "too late" to report the injury and did not tender medical treatment. Claimant then contacted a physician of her choice and arranged an appointment with him. She also consulted her union steward and was advised to file a formal report of the accident despite the manager's position. Claimant did so on August 20 and, at that time, also advised the manager that she had an appointment the next day, August 21, with her physician. The manager told claimant that she was authorized to seek treatment only at the employer's clinic. Claimant disregarded this admonition and was treated by her own physician for seven months.

Safeway denied liability for claimant's self-directed medical treatment and a hearing was held. The hearing officer and Panel concluded that, because Safeway advised claimant before her scheduled appointment with her own physician that she was authorized to be treated only by its clinic, the medical expenses incurred at claimant's behest were unauthorized. We disagree with this conclusion.

Section 8–51–110(5)(a), C.R.S. (1986 Repl. Vol. 3B) provides:

"In all cases of injury, the employer or insurer has the right *in the first instance* to select the physician who attends said injured employee. If the services of a physician *are not tendered at the time of injury*, the employee shall have the right to select his own physician...." (emphasis added)

Here, as in many instances, it was impossible for Safeway to adhere literally to the statutory language by tendering medical care "at the time of injury" because claimant did not report the injury until the next day. However, the impossibility of strictly following the statute provides no excuse for Safeway not exercising its right of selection when knowledge of the injury first came to its attention.

█ We conclude that the Panel erred in finding that claimant's right to select her own physician did not vest in this case because the employer tendered medical treatment prior to the time of her scheduled appointment with her own physician. The statute clearly contemplates that medical treatment be tendered forthwith upon notice of an injury. If the employer does not tender such treatment at that time, the employee's right to select her own physician becomes vested.

Here, upon being notified that Safeway was not tendering medical treatment, claimant contacted a physician of her own selection. Once the selection had been made, it was too late for Safeway to recapture its right to select a physician "in the first instance."

*Greager v. Industrial Commission*, 701 P.2d 168 (Colo.App.1985), relied upon by Safeway to support the Panel's conclusion, is inapposite. *Greager* merely reaffirmed the well-established rule that necessary medical treatment by a physician to whom a claimant has been referred by a previously authorized physician is considered to be authorized treatment for which the employer is liable.

Therefore, since Safeway did not exercise its right to select a treating physician in the first instance, claimant's selection of her own physician was authorized, and Safeway is liable for the resulting expenses.

## II.

Claimant also contends that the Panel erred in that it affirmed the denial of permanent partial disability benefits by relying solely on her earnings having increased after the injury. Citing *Vail Associates, Inc. v. West*, 692 P.2d 1111 (Colo.1984), she asserts that consideration should have been given to her physician's estimate of a ten percent permanent partial functional disability and to the other factors enumerated in § 8–51–108(1)(b), C.R.S. (1986 Repl.Vol. 3B). We do not agree that the Panel erred in its conclusion upon this issue.

Our review of the Panel's order leads us to conclude that consideration was given to all of the factors required to be considered by the statute. On that basis, the Panel affirmed the conclusion of the hearing officer that claimant had failed to demonstrate that her earning capacity had been impaired.

█ It is true that an increase in postinjury earnings is not presumptive evidence that a claimant has not suffered a permanent impairment in his earning capacity. *See Vail Associates, Inc. v. West, supra.* However, a physician's estimate of a claimant's functional disability also need not be accepted as proof of a permanent impairment of earning capacity. *See Casa Bonita Restaurant v. Industrial Commission*, 624 P.2d 1340 (Colo.App.1981) (even undisputed medical evidence not binding on fact finder).

█ It was claimant's burden to prove that the increase in her earnings was not a true indication of the absence of impaired earning capacity. From an examination of the record, we conclude that the decision reached was within the wide discretion vested in the factfinder, and we are, therefore, not at liberty to disturb it on review. *See American Metals Climax, Inc. v. Cisneros*, 195 Colo. 163, 576 P.2d 553 (1978).

That part of the order denying claimant permanent partial disability benefits is affirmed. That part of the order denying payment of claimant's medical expenses is set aside, and the matter is remanded for an order directing Safeway to pay such expenses.

PIERCE and METZGER, JJ., concur.