Glasman, Jaynes & McBride, Pamela Musgrave, Denver, for respondent University of Colorado Health Sciences Center.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Michael J. Steiner, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

**Corrine RUYBAL, Petitioner,**

v.

**UNIVERSITY OF COLORADO HEALTH SCIENCES CENTER, and Industrial Claim Appeals Office of the State of Colorado, Respondents.**

**No. 88CA0733.**

Colorado Court of Appeals,
Div. III.

Dec. 1, 1988.

Rehearing Denied Dec. 29, 1988.

VAN CISE, Judge.

Corrine Ruybal (claimant) contests the final order of the Industrial Claim Appeals Office (Panel) which partially set aside the order of the Administrative Law Judge (ALJ). The Panel held that treatment claimant sought from Dr. Medelman was unauthorized pursuant to § 8–51–110(5)(a), C.R.S. (1988 Cum.Supp.), and, therefore, University of Colorado Health Sciences Center (employer) was not required to pay the costs of that treatment. We set aside the Panel's order.

When claimant notified her employer that she had been injured, the employer did not offer to provide her with medical treatment. Claimant sought treatment on her own from her regular physician at a Kaiser facility. The physician found claimant's problem to be stress related and referred her to a mental health therapist within the Kaiser facility. However, after four visits,

the therapist determined that claimant's illness was work-related and, therefore, not covered by the Kaiser medical plan. The therapist gave claimant the name of a private psychologist for treatment.

Claimant did not seek treatment from the psychologist recommended by Kaiser. Instead, claimant obtained a psychological evaluation from Dr. Medelman at her own behest.

The employer denied liability for claimant's injury, asserting that it did not arise out of and in the course of her employment. However, the Administrative Law Judge (ALJ) found that claimant's injury was compensable. The ALJ also found that Dr. Medelman was an authorized treating physician.

The employer contested the ALJ's order on several grounds. The Panel affirmed the order except as to Dr. Medelman's treatment. In that respect, the Panel found that although claimant had the right to choose her own physician upon the employer's failure to do so, claimant's failure to seek permission to change from the Kaiser therapist to Dr. Medelman made Dr. Medelman's treatment unauthorized. We disagree with this analysis.

The Kaiser therapist never became claimant's treating physician; rather that therapist declined to treat her because treatments were not covered under her Kaiser plan. Hence, claimant did not fully exercise her right to select her own treating physician until she chose Dr. Medelman. We read § 8–51–110(5)(a) as permitting claimant to select a physician who is willing to treat her. Any other interpretation of the statute would render claimant's right a nullity. The fact that claimant initially had difficulty locating such a physician does not defeat the right vested by § 8–51–110(5)(a).

For similar reasons, we conclude claimant was not required to seek permission from her employer or the Division of Labor before consulting Dr. Medelman. Her selection of Dr. Medelman was her initial selection, not a change in physicians as contemplated by § 8–51–110(5)(a). Therefore, no permission was required.

The order is set aside and the cause is remanded with directions to reinstate the ALJ's order.

STERNBERG and CRISWELL, JJ., concur.