William YECK, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OF-
FICE OF the STATE OF COLORADO,
National Baromedical Services and Col-
orado Compensation Insurance Authori-
ty, Respondents.

No. 98CA2497.

Colorado Court of Appeals,
Div. III.

Aug. 19, 1999.

Rehearing Denied Oct. 7, 1999.

Certiorari Denied April 17, 2000.

Willard & Pharris, P.C., Randall M. Wil-
lard, Fort Collins, Colorado, for Petitioner.

Law Office of Neil O'Toole P.C., Neil D.
O'Toole, Denver, Colorado, Amicus Curiae
for WCEA.

No Appearance for Respondent The Indus-
trial Claim Appeals Office.

Laurie A. Schoder, Denver, Colorado, for
Respondents National Baromedical Services
and Colorado Compensation Insurance Au-
thority.

Opinion by Justice ERICKSON.*

The sole issue in this workers' compensa-
tion case is whether an insurer's denial of a
claim by notice of contest should, for public
policy reasons, constitute a waiver of the
right to select the treating physician. We
conclude that it does not. Therefore, we
affirm the order of the Industrial Claim Ap-
peals Office (Panel) finding that National
Baromedical Services (employer) and its in-
surer, Colorado Compensation Insurance
Authority, (collectively CCIA) are not liable
for payment of treatment provided to Wil-
liam Yeck (claimant) by two unauthorized
physicians.

Claimant sustained a compensable back in-
jury in December 1996. Employer referred
him to authorized providers who adminis-
tered care. In January 1997, he returned to
an authorized provider, told the provider he
felt "fine," and was placed at maximum medi-
cal improvement.

However, claimant testified that he lied to
the authorized provider about his condition

---

* Sitting by assignment of the Chief Justice under
provisions of the Colo. Const., art. VI, Sec. 5(3),
and § 24–51–1105, C.R.S.1998.

and actually did not feel symptom free. He did not return to the authorized provider and, instead, discussed his condition with a different physician, who referred him to a surgeon. In July 1997, the surgeon recommended back surgery, which was performed in December 1997.

The Administrative Law Judge (ALJ) determined that, since there was no valid referral from either CCIA or the authorized provider, these two physicians were unauthorized. Furthermore, the ALJ found that claimant was never refused treatment by the authorized provider.

Between the time surgery was recommended and performed, the workers' compensation case was filed and contested. Claimant filed a claim for compensation in August 1997, which was followed by CCIA's tentative notice of contest in November 1997. Although the ALJ found that the claim was compensable, he denied claimant's request for a change of physician and concluded that CCIA was not liable for the unauthorized treatment, including the back surgery. The Panel affirmed.

Claimant contends that once CCIA denied liability for coverage, he should not be required to obtain a referral from an authorized provider. He argues that such a request would have been futile because an authorized provider probably would not have given him a referral once CCIA denied coverage. Furthermore, the *amicus curiae* argues that, once the claim is denied, the injured worker should not be forced to treat with the "company doctor," because if the claim is ultimately held not compensable, he may have to pay for such treatment out of his own pocket. This is especially true, argues the amicus curiae, when the worker has his own health insurance that would cover the treatment. We perceive no compelling reasons for setting aside the order.

Claimant recognizes that § 8–43–404(5), C.R.S.1998, affords the employer or insurer the statutory right, in the first instance, to select a physician to treat the industrial injury, and that the right of first selection does not pass to the claimant unless the employer or insurer fail to provide a physician willing to treat the injury. Section 8–43–404(5)(a),

C.R.S.1998, also provides that the claimant may not change physicians without permission from the employer, insurer, or ALJ. If a claimant obtains unauthorized care, the employer and insurer are not liable to pay for it. *Colorado Fuel & Iron Corp. v. Industrial Commission,* 129 Colo. 353, 269 P.2d 1070 (1954); *Pickett v. Colorado State Hospital,* 32 Colo.App. 282, 513 P.2d 228 (1973).

However, claimant contends that once his claim was denied, § 8–43–404(5)(a) was no longer applicable because CCIA was refusing to pay benefits. He argues that, under these circumstances, there was no authorized treating physician and he was not required to obtain CCIA's permission to select a treating physician. We disagree with this reasoning.

Under the language of the statute, the right of selection of the physician is not conditioned on an admission of liability, and we decline to read that condition into the statute. *Kraus v. Artcraft Sign Co.,* 710 P.2d 480 (Colo.1985). The mere fact that CCIA denied liability, after claimant sought treatment from physicians of his own choice, does not extinguish its interest in being apprised of the course of treatment for which it could ultimately be held liable. *See Vanadium Corp. v. Sargent,* 134 Colo. 555, 307 P.2d 454 (1957) (employers who pay the bills have a legal right to know what is being done). Therefore, we hold that the employer or insurer may deny liability and still retain the right to select a treating physician in the event they later admit liability or are found liable for the injury.

If a claimant wants to change physicians, he has a statutory obligation to request that change in accordance with § 8–43–404(5)(a). *See* 5 *Larson's Workers' Compensation Law* § 61.12(c) (1998) (fact that claimant has more faith in family physician, or dislikes company physician, is insufficient to change rule requiring claimant to pay for treatment not chosen by employer or insurer). Any concern over the denial of a claim is adequately addressed by the expedited hearing provisions of § 8–43–203(1)(a), C.R.S.1998. These provisions allow for the expedient resolution of compensability, thereby assuring the quick

and efficient delivery of benefits to injured workers. *See* § 8–40–102(1), C.R.S.1998.

Here, the ALJ specifically found that claimant was not denied treatment, and that he simply refused to return to the authorized provider despite ongoing symptoms. *Cf. Ruybal v. University of Colorado Health Sciences Center*, 768 P.2d 1259 (Colo.App.1988) (claimant was not required to seek permission to change physician where physician refused to treat).

The order of the Panel is affirmed.

Judge NEY and Judge CASEBOLT concur.