Lori L. LUTZ, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OF-
FICE OF the STATE OF COLORADO,
Western Pacific Airlines, Inc., and Lib-
erty Mutual Fire Insurance, Respon-
dents.

No. 00CA0111.

Colorado Court of Appeals,
Div. IV.

Oct. 26, 2000.

Certiorari Denied May 21, 2001.

Steven U. Mullens, P.C., James A. May, Steven U. Mullens, Andrew Gorgey, Colorado Springs, CO, for Petitioner.

No Appearance for Respondent Industrial Claim Appeals Office.

Zarlengo, Mott, Zarlengo & Winbourn, P.C., Scott M. Busser, Denver, CO, for Respondents Western Pacific Airlines, Inc. and Liberty Mutual Fire Insurance.

Opinion by Judge TAUBMAN.

Lori Lutz (claimant) seeks review of a final order of the Industrial Claim Appeals Office (Panel) that required her employer, Western Pacific Airlines, Inc., and its insurer, Liberty Mutual Fire Insurance, (collectively employer) to pay medical benefits commencing December 29, 1998, rather than August 8 or 27, 1998. We affirm.

Claimant suffered a compensable injury in August 1996. She was treated by four different physicians and reached maximum medical improvement (MMI) on May 4, 1998. She later suffered from a sudden exacerbation of pain. Claimant received and was compensated for emergency treatment, which is not at issue in this appeal. However, employer refused to pay medical benefits for subsequent treatment between August 8, 1998, and December 29, 1998.

The principal issue in this appeal is whether claimant had made a "written request" to the insurance carrier requesting a change of physicians. The letter in question was written by claimant's attorney to the attorney for the insurance carrier on August 7, 1998. The letter was written to confirm two telephone conversations the previous day concerning claimant's need for emergency treatment. A postscript to that letter stated in pertinent part as follows:

[I]n light of your refusal to authorize medical care for Ms. Lutz, Ms. Lutz has elected to see Dr. Jack Rook for primary health care in connection with this claim.... She has selected Dr. Rook as her new primary care physician. She will pursue her claim against Liberty Mutual for payment of whatever emergency room she is able to gain assistance at on Thursday, August 6, and will follow up with Dr. Rook either on

Friday the 7th or Saturday the 8th of August.

The Administrative Law Judge (ALJ) found that, because two of claimant's four treating physicians had refused to treat her for non-medical reasons, claimant was entitled to select her own physician for follow-up treatment. Alternatively, the ALJ found that claimant had made a written request for a change of physician on August 7, 1998, and that employer had not responded to such correspondence. The ALJ therefore concluded that claimant had established a *prima facie* right to change her physician and that such change was reasonable as of August 27, 1998.

On review, the Panel modified the order. It determined that the right to select a physician did not pass to claimant after the emergency because there was no evidence that two of her four authorized treating physicians also had refused to provide treatment. The Panel also determined that claimant's August 1998 letter did not constitute a request for change of physician, but merely notified employer that claimant had already changed physicians. Therefore, the Panel determined that a change of physician could only occur beginning on December 29, 1998, the date of the ALJ's summary order.

### I.

Claimant contends that the Panel exceeded its authority in determining that the August 1998 letter to employer was not a request for permission to change physicians, but was notification of the *fait accompli* declaring that claimant was changing to a physician of her choice. We disagree.

Section 8–43–404(5)(a), C.R.S.2000, provides, in pertinent part:

In all cases of injury, the employer or insurer has the right in the first instance to select the physician who attends said injured employee. If the services of a physician are not tendered at the time of injury, the employee shall have the right to select a physician or chiropractor. Upon written request to the insurance carrier ... the employee may procure written permission to have a personal physician or chiropractor attend said employee.

The purpose of the statute is to guarantee that the insurer has notice that the claimant seeks authorization from it for treatment with a provider of his or her own selection. However, the statute also triggers the insurer's duty to respond to the request "within 20 days." *Gianetto Oil Co. v. Industrial Claim Appeals Office,* 931 P.2d 570 (Colo.App.1996).

The Panel correctly concluded that the determination of whether the letter sent by claimant's counsel constituted a request as that term is used is § 8–43–404(5)(a) was a question of law. *See Colorado River Water Conservation District v. Municipal Subdistrict,* 198 Colo. 352, 610 P.2d 81 (1979) (when judgment is based on documentary evidence alone, appellate court is competent to review the sufficiency of the evidence and apply the law thereto); *cf. Brown & Root, Inc. v. Industrial Claim Appeals Office,* 833 P.2d 780 (Colo.App.1991) (claimant's letter was ambiguous because it could alternatively be interpreted as a request for further examination, which does not require a response by the insurer, or a request for treatment; letter could not as a matter of law be interpreted as constituting a request for a change of treating physician).

It is true, as claimant argues, that § 8–43–404(5)(a) does not require that a written request for change of physician be in any particular form or contain any particular language. However, to comply with the statute, a claimant must ask the insurance carrier to allow him or her to change physicians. *See Webster's Third New International Dictionary* 1929 (1986) ("request" means "to ask (as a person or an organization) to do something.") Thus, a unilateral declaration of intent to change physicians does not comply with the statute.

Accordingly, claimant's reliance upon *Jacoby v. Metro Taxi, Inc.,* 851 P.2d 245 (Colo. App.1993) is misplaced. There, the claimant stated: "Since you have not specified a doctor to tend to my physical problems stemming from my accident, I will obtain my own doctor *if I do not hear from you within 20 days* pursuant to the provisions of [former § 8–43–404]." (emphasis added)

In *Jacoby,* unlike the situation here, the claimant specifically requested a timely response from the insurer and, therefore, the claimant's letter there unequivocally constituted a request for a change of physician as contemplated by the statute. As the Panel stated, however, the letter here was actually an announcement of her unilateral change of physician and not a request for permission to change physicians. Thus, we agree with the Panel's conclusion that the August 1998 letter did not constitute a request for a change of physician as required by § 8–43–404(5)(a).

## II.

Claimant also contends that the Panel erred in determining that she did not have the right to select a physician based upon the failure of employer or insurer to tender the services of a physician. We disagree.

Section 8–43–404(5)(a) affords the employer or insurer the right, in the first instance, to select the physician who attends the injured employee. The right of selection does not pass to the claimant unless "the services of a physician are not tendered at the time of the injury." *See Yeck v. Industrial Claim Appeals Office,* 996 P.2d 228 (Colo.App.1999).

It is claimant's burden to prove entitlement to workers' compensation benefits. *Younger v. City & County of Denver,* 810 P.2d 647 (Colo.1991).

Here, assuming, without deciding, that this portion of the statute applies to the circumstances of this case, rather than just at the time of the initial injury, we agree with the Panel that the record does not support the ALJ's finding that employer or its insurer failed to tender the services of physicians who were willing to treat the injury. Therefore, the Panel properly set aside the ALJ's conclusion that the right to select an attending physician had passed to the claimant. *See* § 8–43–301(8), C.R.S.2000.

The order is affirmed.

Judge MARQUEZ and Judge CASEBOLT concur.