Albert ANDRADE, Petitioner,

v.

INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, Triple R Structures, and Pinnacol Assurance, Respondents.

No. 04CA1691.

Colorado Court of Appeals, Div. II.

Aug. 11, 2005.

Rehearing Denied Aug. 11, 2005.

VOGT, J.

In this workers' compensation proceeding, Albert Andrade (claimant) seeks review of the final order of the Industrial Claim Appeals Office (Panel) upholding the denial of his claim for permanent medical impairment benefits. We affirm.

In June 2000, claimant sustained an industrial injury to his back. Triple R Structures and its insurer, Pinnacol Assurance (collectively, employer), referred claimant to Corporate Health and Medical Programs, Inc. (CHAMPS), an occupational medical clinic, for treatment. In November 2000, the CHAMPS physician providing claimant's primary care placed him at maximum medical improvement (MMI) with no permanent impairment.

In September 2001, claimant underwent a division-sponsored independent medical examination (DIME). The DIME physician agreed with the finding of MMI, but opined that claimant had suffered permanent impairment of his low back and his left shoulder as a result of the industrial injury. The DIME physician assigned a whole-person impairment rating of twenty-two percent.

Following an evidentiary hearing, the administrative law judge (ALJ) determined that employer had presented clear and convincing evidence sufficient to overcome the DIME. Based on her assessment of the witnesses' credibility, and taking into account the DIME physician's modification of his initial report after viewing a surveillance videotape of claimant, the ALJ found that claimant's left shoulder injury was not caused by the industrial injury and that he had suffered no permanent impairment as a result of the industrial injury. Accordingly, the ALJ denied the claim for permanent disability benefits. The Panel affirmed.

Irwin & Boesen, P.C., Chris L. Ingold, Denver, Colorado, for Petitioner.

No Appearance for Respondent Industrial Claim Appeals Office.

Ritsema & Lyon, P.C., T. Paul Krueger II, Denver, Colorado; Brandee DeFalco Galvin, Denver, Colorado, for Respondents Triple R Structures and Pinnacol Assurance.

I.

■ Claimant first contends that employer's initial referral for treatment was invalid because it designated a corporate provider, CHAMPS, rather than a specific physician. Thus, claimant argues, the treating physician's determination of MMI was insufficient

to trigger the DIME provisions of § 8–42–107(8), C.R.S.2004, and the hearing on permanent disability was premature. We disagree.

Section 8–43–404(5)(a), C.R.S.2004, states, as relevant here:

In all cases of injury, the employer or insurer has the right in the first instance to select the physician who attends said injured employee. If the services of a physician are not tendered at the time of injury, the employee shall have the right to select a physician or chiropractor.

█ The statute gives employers or insurers the right to choose treating physicians in the first instance in order to protect their interest in being apprised of the course of treatment for which they could ultimately be held liable. *See Vanadium Corp. v. Sargent,* 134 Colo. 555, 307 P.2d 454 (1957); *Yeck v. Indus. Claim Appeals Office,* 996 P.2d 228 (Colo.App.1999). That initial right of selection passes to the employee only if medical services are not timely tendered by the employer or insurer. *Vanadium Corp. v. Sargent, supra; Lutz v. Indus. Claim Appeals Office,* 24 P.3d 29 (Colo.App.2000).

Here, it is undisputed that claimant timely received medical care from a physician at CHAMPS. Claimant does not allege that that physician was unlicensed or was otherwise not a "physician" as defined in the Workers' Compensation Rules of Procedure. *See* Dep't. of Labor & Employment Rule XVI(E)(1)(a)(1), 7 Code Colo. Regs. 1101–3. He nevertheless contends that § 8–43–404(5)(a) precludes an employer from designating anyone other than a specific individual physician, and that such a construction of the statute is required to protect his right to a personal relationship with an individual treating physician. We are not persuaded.

Although § 8–43–404(5)(a) refers to the right of the employer or insurer to select a "physician," the statute's use of the singular does not, without more, establish that only a single individual may be designated. *See* § 2–4–102, C.R.S.2004 (in construing Colorado statutes, singular includes plural and plural includes singular). Nor does claimant point to any provision of the Workers' Compensation Act that prohibits an employer or

insurer from designating a medical care facility rather than an individual physician.

We also note that cases from this court have referred to an employer's designation of a provider other than a single individual physician without indicating that such a practice contravened § 8–43–404(5)(a). *See Yeck v. Indus. Claim Appeals Office, supra,* 996 P.2d at 228 ("Employer referred [claimant] to authorized providers who administered care."); *Popke v. Indus. Claim Appeals Office,* 944 P.2d 677, 679 (Colo.App.1997)(noting that claimant had first been treated by "a group of several physicians at La Plata Family Medicine Association, P.C."); *see also Rogers v. Indus. Claim Appeals Office,* 746 P.2d 565, 566 (Colo.App.1987)(employer's advice to claimant that she was "authorized to be treated only by its clinic" was insufficient because it was untimely).

Additionally, where, as here, claimant in fact received treatment from an individual physician at the facility designated by employer, we decline to read into the statute a limitation not required by its plain language in order to protect an asserted need for a "personal relationship" with an individual treating physician.

## II.

█ Claimant next contends that his due process rights were violated when the ALJ relied on the DIME physician's change of opinion after viewing a surveillance video that was not provided to the physician at the time of the DIME examination. Again, we disagree.

█ Section 8–42–107(8)(c), C.R.S.2004, provides that the DIME physician is to issue a "finding" regarding medical impairment, and that that finding can be overcome only by clear and convincing evidence. For purposes of § 8–42–107(8)(c), the DIME physician's "finding" consists not only of the initial report but also any subsequent opinion given by the physician. *See Lambert & Sons, Inc. v. Indus. Claim Appeals Office,* 984 P.2d 656 (Colo.App.1998)(opinion to which DIME physician testified in his deposition was to be considered together with initial report as

part of physician's finding); *see also Jarosinski v. Indus. Claim Appeals Office,* 62 P.3d 1082 (Colo.App.2002)(noting that DIME physician retracted original permanent impairment rating after viewing videotapes showing claimant performing activities inconsistent with the symptoms and disabilities she had reported).

Thus, the ALJ could properly consider the DIME physician's deposition testimony, during which he withdrew part of his original opinion after viewing the surveillance video. Claimant cites no authority, and we are aware of none, precluding a DIME physician from altering his or her initial report based on materials not provided at the time of the initial examination.

Further, although claimant complains that employer failed to provide the videotape to the DIME physician at the time of the original DIME examination in September 2001, he cites no rule or statute that so requires. On the contrary, Dep't. of Labor & Employment Rule XIV(L)(3)(j), 7 Code Colo. Regs. 1101–3, expressly states that surveillance tapes may not be submitted to the DIME physician without written agreement of the parties, order of the ALJ, or prior permission of the Division.

Finally, to the extent claimant contends the DIME physician should not have been shown the videotape, we agree with the Panel that claimant may not now object on that basis, inasmuch as it was he who showed the videotape to the physician at his deposition. *See Horton v. Suthers,* 43 P.3d 611 (Colo.2002)(party may not complain on appeal of an error that he has invited or injected into the case).

The order is affirmed.

Judge ROTHENBERG and Judge WEBB concur.