**Billy BUNCH (decedent) and Dorothy Bunch (dependent spouse), Petitioners,**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, Dow Chemical Company, and Travelers Property and Casualty Company, Respondents.**

No. 05CA2328.

Colorado Court of Appeals, Div. I.

Sept. 7, 2006.

Patrick Law Firm, LLC, Michael A. Patrick, Berthoud, Colorado, for Petitioners.

John W. Suthers, Attorney General, Mark N. McMullen, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office.

Zarlengo, Mott, Zarlengo and Winbourn, P.C., Scott M. Busser, Denver, Colorado, for Respondents Dow Chemical Company and Travelers Property and Casualty Company.

Opinion by Judge TERRY.

Dorothy Bunch (claimant), wife of the deceased employee, Billy Bunch (decedent), seeks review of a final order of the Industrial Claim Appeals Office (Panel) denying medical benefits for the period before decedent gave notice of his occupational disease to Dow Chemical Company or its insurer, Travelers Property and Casualty Company (collectively employer). We affirm.

The administrative law judge (ALJ) made the following pertinent findings. Decedent worked at the Rocky Flats Nuclear Weapons Plant from 1957 until 1973, when he was laid off. At the time of the layoff, Rocky Flats was managed by Dow Chemical. Decedent was a sheet metal worker and experienced heavy occupational exposure to asbestos on the job. He was not exposed to asbestos in any later employment. Decedent developed lung cancer in 1996. The ALJ found that decedent's occupational exposure to asbestos was the cause of his cancer and that the occupational disease caused his death.

The ALJ found, however, that the medical care which decedent received prior to March 31, 1999, the date he filed his claim, was not authorized within the meaning of § 8–42–101, C.R.S.2005, and therefore concluded that employer was not liable for that medical treatment. The ALJ also found that, prior to the filing of the claim, employer was not aware of facts which would lead a reasonably conscientious manager to recognize that decedent might have a compensable claim. On review, the Panel affirmed.

As an initial matter, we address claimant's suggestion that this case be consolidated with

*Freiberg v. Industrial Claim Appeals Office,* (Colo.App. No. 05CA2078), because the issue presented on appeal and the underlying factual findings and conclusions of law are substantially identical. We do not consolidate unrelated cases, and we therefore deny that request.

Claimant contends that the medical treatment decedent received prior to March 31, 1999, was reasonable, necessary, and related to his occupational exposure and, therefore, employer should not be relieved of liability for that treatment by arguing lack of authorization. Claimant notes that the ALJ explicitly found that decedent could not provide notice to employer until he knew that his cancer was work-related. Thus, claimant contends, to impute such knowledge to him is illogical and contrary to the plain language and policy of the Workers' Compensation Act (Act). We are not persuaded.

Section 8–43–404(5)(a), C.R.S.2005, provides, as relevant here:

> In all cases of injury, the employer or insurer has the right in the first instance to select the physician who attends said injured employee. If the services of a physician are not tendered at the time of injury, the employee shall have the right to select a physician or chiropractor.

■ Treatment is compensable under the Act where it is provided by an "authorized treating physician." *See Popke v. Indus. Claim Appeals Office,* 944 P.2d 677 (Colo.App.1997); *see also* §§ 8–42–101(1)(b), (3.6)(b), 8–42–107(8)(b)(I), 8–43–404(7), 8–43–501(3)(e)(III), 8–43–502(2), C.R.S.2005 (all referring to "authorized treating physician"). "Authorization," as that term is used in workers' compensation proceedings, refers to a physician's status as the health care provider legally authorized to treat an injured employee. *Mason Jar Rest. v. Indus. Claim Appeals Office,* 862 P.2d 1026, 1029 (Colo.App.1993).

■ Section 8–43–404(5)(a) gives employers or insurers the right to choose treating physicians in the first instance in order to protect their interest in being apprised of the course of treatment for which they could ultimately be held liable. That initial right of selection passes to the employee only if medical services are not timely tendered by the employer or insurer. *Andrade v. Indus. Claim Appeals Office,* 121 P.3d 328 (Colo. App.2005).

■ An employer has the obligation to designate a treating physician forthwith upon notice of the injury, or else the right of selection passes to the employee. *Rogers v. Indus. Claim Appeals Office,* 746 P.2d 565 (Colo.App.1987). If the employee obtains unauthorized medical treatment, the employer or its insurer is not required to pay for it. *Yeck v. Indus. Claim Appeals Office,* 996 P.2d 228 (Colo.App.1999); *cf.* § 8–43–404(7), C.R.S.2005 (employer or insurer shall not be liable for treatment provided pursuant to article 41 of title 12, C.R.S., for physical therapy unless such treatment has been prescribed by an authorized treating physician).

■ An employer is deemed notified of an injury when it has "some knowledge of accompanying facts connecting the injury or illness with the employment, and indicating to a reasonably conscientious manager that the case might involve a potential compensation claim." *Jones v. Adolph Coors Co.,* 689 P.2d 681, 684 (Colo.App.1984) (quoting 3 A. Larson, *Workmen's Compensation Law* § 78.31(a), at 15–105 (1983) ).

Here, the ALJ found that decedent received treatment before he was aware of the compensable nature of the disease and before he reported it by filing a claim. It is undisputed that decedent did not notify employer of a claim prior to March 31, 1999, and, as previously stated, the ALJ found that employer was not aware of facts that would lead a reasonably conscientious manager to believe the case might involve a claim for compensation until employer received the claim after it was filed. The ALJ also found that employer must have received the claim before January 11, 2000, when it filed a notice of contest.

When the plain language of a statute is clear and unambiguous, we must apply it as written. *Holliday v. Bestop, Inc.,* 23 P.3d 700 (Colo.2001); *Leming v. Indus. Claim Appeals Office,* 62 P.3d 1015 (Colo.App.2002).

To support her argument that the Act must be interpreted liberally to require employer to pay for the preclaim medical benefits, claimant relies upon the line of cases that toll the statute of limitations for filing a claim for disability benefits. *See, e.g., City of Boulder v. Payne,* 162 Colo. 345, 426 P.2d 194 (1967) (time for filing a notice claiming compensation begins to run when the employee, as a reasonable man, should recognize the nature, seriousness, and probably compensable character of his injury). In *City of Boulder v. Payne, supra,* 162 Colo. at 352, 426 P.2d at 197, the court stated that "the legislature could not have intended to give substantive benefits on the one hand and then, on the other, take them away by the imposition of a literally impossible procedural condition." However, the limitations period for filing the claim is not at issue here.

Furthermore, the Act treats medical benefits differently from disability benefits. *See Union Carbide Corp. v. Indus. Claim Appeals Office,* 128 P.3d 319 (Colo.App.2005). The language preserving the employer's right to choose the treating physician is mandatory and, unlike the limitations statute, contains no time limit that can be extended.

■ We acknowledge that, although the statute does not provide an exception to the employer's right to choose the treating physician, this court, following the clear majority rule, has recognized an exception for emergency treatment. *See Sims v. Indus. Claim Appeals Office,* 797 P.2d 777 (Colo.App.1990); *see also* 5 Larson, *Workmen's Compensation Law* § 94.02 (2006), and cases cited therein. An emergency exception is not necessarily limited to situations where life is threatened. *See, e.g., Universal Underwriters Ins. Co. v. Bussey,* 17 Ark.App. 47, 703 S.W.2d 459 (1986) (relied on by *Sims* ). Nevertheless, "[o]nce the emergency has ended, the employee must give notice to the employer of the need for continuing medical service and the employer then has the right to select a physician." *Sims, supra,* 797 P.2d at 781.

Claimant has cited no authority, and we have found none in Colorado or elsewhere, that would support a rule extending the emergency exception to require an employer to pay for several years of treatment received prior to the time that either employee or employer had knowledge of the nature, seriousness, and probably compensable character of the injury. We decline to adopt such a rule.

*Tucker v. Claimants in Death of Gonzales,* 37 Colo.App. 252, 546 P.2d 1271 (1975), is distinguishable because there the division addressed a statutory change that, if applicable to the circumstances of that case, supported an award to the claimant. There has been no relevant statutory change in this case.

■ Claimant argues that, because § 8-43-404(5)(a) refers to "injury" and not to "disease," and because decedent suffered from a disease, we should construe that statute such that employer would not have been entitled, in the first instance, to select the treating physician. As support for this position, claimant points out that, in contrast with that section, § 8-42-101(1)(a), C.R.S. 2005, states that employers are required to provide medical treatment for "injury or occupational disease." We are not persuaded. The statutory definition of "injury" includes occupational disease, *see* § 8-40-201(2), C.R.S.2005, and therefore, under § 8-43-404(5)(a), the employer's rights extend to instances where the employee sustains an occupational disease.

We disagree with the Panel that the plain language of § 8-43-404(7) precludes an award of medical benefits to claimant for the treatment received by decedent before he filed his claim, because that subsection refers only to treatment provided by physical therapists under § 12-41-101, et seq., C.R.S.2005.

Nevertheless, we reach the same conclusion as did the Panel, based on the plain language of § 8-43-404(5)(a) and the cases interpreting that subsection, that the statute allocating the right of first selection to employer precludes an award of medical benefits to claimant for the treatment received by decedent before he filed his claim. The Act does not contain an exception that extends authorization retroactively in these circumstances, and we may not read such a provision into it. *See Kraus v. Artcraft Sign Co.,* 710 P.2d 480 (Colo.1985).

■ Claimant's arguments that the Act is unfair or that the result is contrary to public policy amount to a request for a change of statutory law. Absent constitutional infringement, it is not our province to rewrite statutes. *Dove Valley Bus. Park. Assocs., Ltd. v. Bd. of County Comm'rs*, 945 P.2d 395, 403 (Colo.1997).

The order is affirmed.

Judge MÁRQUEZ and Judge GRAHAM concur.