Marie KILWEIN, Petitioner,

v.

INDUSTRIAL CLAIM APPEALS OFFICE of the State of Colorado, Joseph Hanlin, D.D.S., and Safeco Insurance, Respondents.

No. 06CA2518.

Colorado Court of Appeals, Div. II.

Nov. 13, 2008.

Steven U. Mullens, P.C., Steven U. Mullens, Colorado Springs, Colorado, for Petitioner.

John W. Suthers, Attorney General, Laurie Rottersman, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office.

Ritsema & Lyon, P.C., T. Paul Krueger II, Denver, Colorado, for Respondents Joseph Hanlin, D.D.S. and Safeco Insurance.

Opinion by Judge FURMAN.

In this workers'. compensation proceeding involving treatment by a provider after the referring physician lost an appeal of a change of physician order, Marie Kilwein (claimant) seeks review of a final order of the Industrial Claim Appeals Office (Panel) upholding an administrative law judge (ALJ) order denying her request for authorization. We affirm.

## I.  Background

Claimant sustained a compensable occupational disease in 1980 that left her permanently and totally disabled.  She received an award of continuing medical benefits to maintain her condition.

In 2001, a medical utilization review (MUR) of claimant's care under Dr. Rook, her primary treating physician, resulted in a change of physician order entered by the director of the Division of Workers' Compensation. Dr. Rook appealed the director's order, which was affirmed by an ALJ and thereafter, by the Panel.

In April 2003, Dr. Rook appealed the order to a division of this court.

Claimant elected to continue her care under Dr. Rook during his appeal of the director's order.  Department of Labor & Employment Rules provide as follows:

> If the claimant chooses to remain under the care of the provider under review during the period of appeal resolution, the payor insurance company shall be responsible for payment of medical bills to the provider until an order on appeal is issued. If the insurance carrier prevails on appeal, the claimant may be held liable by the prevailing party for such medical costs paid during the appeal period.

*See* Department of Labor & Employment Rule XV(I)(2), 7 Code Colo. Regs. 1101–3(now codified as amended at Rule 10–8(B) ).

In August 2003, while the appeal to this court was pending, Dr. Rook referred claimant to an osteopath for a trial of acupuncture. Claimant received acupuncture treatments until January 2004.  The employer's workers' compensation insurance carrier, Safeco Insurance (insurer), continued to pay bills for medical treatment rendered to claimant by Dr. Rook and the osteopath during the appeal process.

In January 2005, a division of this court affirmed the director's order.  *Rook v. Indus. Claim Appeals Office*, 111 P.3d 549 (Colo.App.2005).  On May 20, 2005, the mandate from this court issued.

In August 2005, claimant again sought treatment from the osteopath, apparently pursuant to a second referral by Dr. Rook. The osteopath's testimony and notes reflect he treated claimant for her pain symptoms

by prescribing medication and did not perform acupuncture treatments.

Insurer refused to pay for the treatment rendered by the osteopath in 2005 because he was not authorized. Insurer maintained that Dr. Rook had lost his status as an authorized medical provider once the change of physician order issued in September 2001 and he could not, from that point forward, make valid referrals.

Claimant then initiated this proceeding, seeking an order authorizing the osteopath to perform treatment in 2005 based on Dr. Rook's referral in 2003.

Following an evidentiary hearing, the ALJ determined that the referral made to the osteopath after this court's mandate issued was "not made in the normal progression of authorized care" because "[n]o colorable argument exists that Dr. Rook was an authorized provider at that time." In response to claimant's argument that the August 2003 referral was sufficient to cover the osteopath's 2005 treatment, the ALJ determined that Dr. Rook "was not an authorized provider during the MUR appeal process in regard to making authorized referrals in the normal progression of authorized care" and, accordingly, denied claimant's request. On review, the Panel affirmed.

Claimant appeals. She contends the osteopath was an authorized provider by virtue of Dr. Rook's referral during the MUR appeal process. We disagree, because the osteopath's 2005 treatment was outside the normal progression of treatment and the Workers' Compensation Act (Act) does not give Dr. Rook authority to refer claimant during an appeal of an adverse MUR order.

## II. Normal Progression of Treatment

Under the Act, treatment is compensable where it is provided by an "authorized treating physician." *See Bunch v. Indus. Claim Appeals Office,* 148 P.3d 381, 383 (Colo.App.2006); *see also* §§ 8–42–107(8)(b)(I), 8–43–404(7), C.R.S.2008 (referring to treatment by an "authorized treating physician"). A physician may become authorized to treat a claimant's industrial injury as a result of a referral from an author-

ized treating physician where the referral is made in the normal progression of authorized treatment. *See Bestway Concrete v. Indus. Claim Appeals Office,* 984 P.2d 680, 684 (Colo.App.1999). Whether a referral is made as part of the normal progression of authorized treatment is a question of fact for the ALJ to determine. *See City of Durango v. Dunagan,* 939 P.2d 496, 500 (Colo.App.1997).

Appellate review of the ALJ's findings of fact is limited to whether the findings are supported by substantial evidence. *See Fulton v. King Soopers,* 823 P.2d 709, 712–13 (Colo.1992); *Hargett v. Director,* 854 P.2d 1316, 1320 (Colo.App.1992), *disapproved of in part by Colo. Comp. Ins. Auth. v. Nofio,* 886 P.2d 714, 719 n. 8 (Colo.1994); *see also* §§ 8–43–301(8), 8–43–308, C.R.S.2008.

We conclude substantial evidence supports the ALJ's findings of fact in three ways. First, the record reveals that Dr. Rook limited the scope of the 2003 referral to a "trial of acupuncture," and that the treatment provided pursuant to that referral terminated in January 2004. Thus, the care provided by the osteopath in 2005 was outside the normal progression of treatment contemplated under the 2003 referral. *See City of Durango,* 939 P.2d at 500.

Second, the ALJ's finding that the referral to the osteopath after this court's mandate issued was "not made in the normal progression of authorized care" presumes the 2003 and 2005 referrals authorized different courses of treatment, and claimant does not appeal this finding.

Finally, the record reveals that (1) Dr. Rook's second referral of claimant to the osteopath occurred after completion of the MUR process and final appeal; (2) claimant was aware, when she received the 2005 treatment, of this court's resolution of Dr. Rook's appeal of the director's order; and (3) at that time, claimant was required to follow section 8–43–501(4), C.R.S.2008, to obtain a new medical provider.

Claimant's reliance on *Mason Jar Restaurant v. Industrial Claim Appeals Office,* 862 P.2d 1026, 1029 (Colo.App.1993), for the proposition that the ALJ may not retroactively "de-authorize" Dr. Rook's referral to

the osteopath, is misplaced. The osteopath's notes in August 2005 show he was aware that Dr. Rook was no longer authorized to treat claimant and he had questions about his own status.

### III. Authority to Treat and Refer

 Nonetheless, claimant contends that Dr. Rook retained authorization during the appeal process, and once he referred her to the osteopath during that process, the osteopath remained thereafter an authorized provider. We disagree.

At the time of these proceedings, Department of Labor & Employment Rule XV(B)(2) provided that the treating physician under review "shall remain as an authorized provider until the director or an administrative law judge issues an order to the contrary as a result of the utilization review process." *See* Department of Labor & Employment Rule XV(B)(2), 7 Code Colo. Regs. 1101–3 (now codified at Rule 10–1(B) and, as amended, provides that the physician under review remains authorized "during the medical utilization review process"). That contrary order was issued in 2001, when Dr. Rook lost his status as claimant's primary treating physician.

Moreover, because Dr. Rook's authorization to treat claimant ended in 2001, so did his authorization to refer claimant to another provider. And, although claimant was permitted to choose to continue under Dr. Rook's care during the appeal period, she did so at her own financial risk. *See* Department of Labor & Employment Rule XV(I)(2), 7 Code Colo. Regs. 1101–3) (now codified as amended at Rule 10–8(B) ).

Accordingly, we conclude there was no basis for the osteopath to become an authorized provider in 2005 by virtue of a referral from Dr. Rook, who was no longer an authorized provider.

### IV. Bias

 Claimant also contends the ALJ's order must be disapproved because it was the product of bias. As support, she points to the ALJ's ruling reserving the issue of the claim for reimbursement despite the fact that the issue was fully endorsed and litigated at the hearing. However, that claim has been withdrawn, and regardless of whether the ruling was correct when made, nothing in the record suggests bias, favoritism, impropriety, or other conduct that would overcome the presumption of integrity, honesty, and impartiality accorded the ALJ. *See Ski Depot Rentals, Inc. v. Lynch,* 714 P.2d 516, 519 (Colo.App.1985) (declining to override the presumption of impartiality where referee's changed order evinced no bias or prejudgment).

The order is affirmed.

Judge TAUBMAN and Judge BERNARD concur.